# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 08-140** |
| **BETTY JEFFERSON**<br>**ANGELA COLEMAN**<br>**MOSE JEFFERSON**<br>**RENEE GILL PRATT** | **SECTION "B" (1)** |

## ORDER AND REASONS

On December 16, 2009 the Court heard Oral Argument on Betty Jefferson's Motion to Sever(Rec. Doc. No. 207), Betty Jefferson's Motion to Dismiss the Superceding Indictment(Rec. Doc. No. 208), Mose Jefferson's Motion to Dismiss Superseding Indictment (Rec. Doc. No. 230), Mose Jefferson's Second Supplemental Motion to Dismiss (Rec. Doc. No. 274), and Renee Gill Pratt's Motion to Sever (Rec. Doc. No. 253, 291).[1] After review of the pleadings, applicable law, and oral argument of the parties, and for oral reasons given and for the reasons that follow,

**IT IS ORDERED** that Mose Jefferson's First Supplemental Motion to Dismiss is **Denied**.(Rec. Doc. 119)

**IT IS FURTHER ORDERED** that Defendant Mose Jefferson's Second Supplemental Motion to Dismiss is **DISMISSED** as moot due to the recently filed Second Superceding Indictment that deleted the

---

[1] Defendant Angela Coleman adopts all the above-mentioned motions of her co-defendants. Rec. Doc. No. 286. Therefore the instant Order and Reasons shall apply to this defendant.

1

"Honest Services Fraud" charges.

**It IS FURTHER ORDERED** that Betty Jefferson's Motion to Dismiss is **DENIED**.

**It IS FURTHER ORDERED** that Defendant Betty Jefferson's Motion to Sever is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Renee Gill Pratt's Motion to Dismiss and Sever is **DENIED**.

## BACKGROUND

Defendants Betty Jefferson, Angela Coleman, and Mose Jefferson operated various non-profit and for-profit organizations that received grant monies from the State of Louisiana, the U.S. Department of Education ("DOE"), and the U.S. Department of Housing and Urban Development ("HUD"). Both the State of Louisiana and DOE grants were offered to non-profits for charitable and education purposes, while HUD provided housing assistance and federal grants to non-profits for improvements of multi-family dwellings for the elderly. Defendant Betty Jefferson was the president of the board of directors of Greater St. Stephen Manor, Inc. ("Greater St. Stephen"), a Louisiana non-profit corporation which owned and operated a forty-one unit elderly apartment complex located in New Orleans and operating under § 202. Betty Jefferson also controlled non-profits Care Unlimited, Inc. ("CU") and Central City Adult Education Agency, Inc. ("Central City") and controlled and operated

various for-profit La. companies that the Government alleges were used by Defendant Betty Jefferson to transfer money from the non-profits to Defendants and others. Betty Jefferson was also the Tax Assessor for the 4th Municipal District, Orleans Parish since May 1998.

Ms. Jefferson's daughter, Defendant Angela Coleman, was the president of the board of CU and also owned and operated La. for-profit companies. Mose Jefferson was chairman of the board of the non-profit Orleans Metropolitan Housing & Community Development, Inc. ("Orleans Metro") and, in that capacity, caused grant applications to be submitted and agreements to be signed with the state. Defendant Mose Jefferson controlled the following for-profit Louisiana companies that the Government alleges received money and benefits from the Defendants' controlled non-profits: Southwind Consultants Inc., and Southwind Consultants, LLC (collectively "Southwind"), Enterprise Consultants, Inc. and Enterprise Consultants, LLC (collectively "Enterprise"), and B.E.P. Consulting Services, LLC ("B.E.P."). Southwind purchased a building complex at 3313 S. Saratoga St., New Orleans from Orleans Metro in June 2002 and used the property to receive rental payments from several non-profits. Mose Jefferson and his for-profit companies also operated and received rental payments from an apartment complex located at 2712-2716 Loyola Ave., New Orleans, also known as "Mose Manor." Enterprise and B.E.P. operated out of both 3313 S. Saratoga and Mose

Manor.

On June 4, 2008, the grand jury returned an indictment against Defendants Betty Jefferson, Angela Coleman, and Mose Jefferson, alleging that Defendants conspired to defraud the DOE, HUD, and the State of Louisiana out of funds that the state and federal agencies provided to the non-profits controlled by Defendants for charitable and educational purposes, diverting some of the funds for their personal benefit. The indictment also included charges of conspiracy to commit mail fraud and program fraud, aggravated identity theft, program fraud, mail fraud, false statements, tax evasion, and conspiracy to commit money laundering. On May 22, 2009, the grand jury returned the thirty-four count superseding indictment, which charges the three previous Defendants, Betty Jefferson, Mose Jefferson, and Angela Coleman, and additional Defendant Renee Gill Pratt with conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO") in violation of 18 U.S.C. § 1962(d), specifically alleging that Defendants through their various non-profit and for-profit entities and political positions engaged in a pattern of racketeering activity for the "primary purpose of exercising and preserving power over and within the Government of the State of Louisiana, the City of New Orleans, Orleans Parish, and elsewhere, for the financial and political benefits of defendants."

On December 18, 2009 the Grand Jury returned the present

Second Superceding Indictment (Rec. Doc. No. 296)which charges Renee Gill Pratt with Count One only, the RICO conspiracy in violation of 18 U.S.C. § 1962(d). In addition to the Count 1 RICO conspiracy, Mose Jefferson, Betty Jefferson, and Angela Coleman are charged with mail fraud (18 U.S.C. § 1341) in Count 10. Mose Jefferson is charged with a second count of mail fraud in Count 11 and with false statements (18 U.S.C. § 1001) in Counts 28, 29. The majority of the charges are against Betty Jefferson and Angela Coleman. In addition to the Count 1 conspiracy and Count 10 mail fraud, both Betty Jefferson and Angela Coleman are also charged with mail fraud (18 U.S.C. § 1341) in Counts 2-9 and 11, aggravated identity theft (18 U.S.C. § 1028A) in Counts 15-24, money laundering and conspiracy to commit money laundering (18 U.S.C. § 1956) in Count 27, and conspiracy to defraud (18 U.S.C. § 371) in Count 34. The Second Superceding Indictment also charges Betty Jefferson with mail fraud in Counts 10-14, money laundering and conspiracy to commit money laundering in Count 26, and income tax evasion (26 U.S.C. § 7201) and conspiracy to evade income tax in Counts 30-33. Angela Coleman is also charged with conspiracy to evade income tax.

### DISCUSSION

**1. Defendant Mose Jefferson**

Defendant Mose Jefferson in his first and second Supplemental Motion to Dismiss the Superceding Indictment argues that the Superceding Indictment should be dismissed because of

5

the Government's bad faith and unprecedented interference with the defendant's sixth amendment right to retain and pay counsel.[2] Mose Jefferson's second argument is that the "I Can Learn" part of the RICO count should be dismissed on double jeopardy grounds as the "I Can Learn" transaction was a part of the case tried before Judge Lemmon in Criminal Action Number 08-085. In the instant case, the RICO count charges that Mose Jefferson and Renee Gill Pratt during and within the same time period conspired with regard to the "I Can Learn" software. The Government should not be given a second bite at the apple. The Government argues that the defendant has raised the issue of double jeopardy repeatedly in this case. The Court has reviewed motions from Mose Jefferson as well as responses to the motions from the Government and found no need to strike, sever, or dismiss on double jeopardy grounds. Rec. Doc. No. 238 at 24. In the First Supplemental Motion the Defendant presents no new reasoning or argument to refute the Court's prior rulings. The Court adheres to its prior rulings on these issues in Record Document 238. Importantly, the "I Can Learn" transactions in the prior trial involved conduct between Mose Jefferson and Stacy Simms. The instant charges relative to that program are based upon independent and materially different factual scenarios involving

---

[2] This argument has been addressed in this Court's Order, Record Document Number 258.

Mose Jefferson and Renee Gill Pratt.

In Mose Jefferson's Second Supplemental Motion to Dismiss he argues that Counts, 1, 10, and 11 of the superseding indictment should be dismissed because these counts are predicated upon the alleged violation of the honest services prong of the mail fraud, that is 18 U.S.C. § 1346 due to recent pending cases in the Supreme Court of the United States of America.[3] The Government argues that the charges against defendant Mose Jefferson and the other defendants are not exclusively reliant upon the honest services fraud statute and because the Court is more than capable of properly instructing the jury in such a manner that would wholly obfuscate the need for re-trial, even assuming a Supreme Court ruling unfavorable to the honest services fraud statute. Recently, the Government has filed the Second Superceding Indictment on December 18, 2009 (Rec. Doc. No. 296)completely omitting any reference to the Honest Services prong of 18 U.S.C. § 1346. Defendant's motion is thus **moot** by this recent occurrence.

   2.  **Defendant Betty Jefferson**

Before the Court is Defendant Betty Jefferson's Motion to Dismiss, and Sever. Rec. Doc. Nos. 207, 208. Betty Jefferson's

---

[3] *Weyhrauch v. U.S.*, United States Supreme Court, Docket Number 08-1196 (2009); *Black v. U.S.*, United States Supreme Court, Docket Number 08-876 (2009).

motion to dismiss contends there are 3 ground for dismissal (1) the grand jury which returned the superseding indictment was improperly impaneled, (2) the return of the Superseding Indictment was an abuse of the grand jury, and (3) the Government was being vindictive in seeking the Superseding Indictment. Rec. Doc. No. 208. Betty Jefferson's Motion to Sever seeks to sever Count 1, Count 28, and 29, and Counts 30 through 34 from the Superseding Indictment. Rec. Doc. No. 207. These motions are opposed. Rec. Doc. Nos. 234, 235. The Court finds that the Motion to Dismiss is **Denied** and the motion to Sever is **Denied**.

### A. <u>Motion to Dismiss</u>

Defendant Betty Jefferson argues that (1)the Superseding Indictment was used to bolster the original indictment, (2) the Superseding indictment did not present any new allegations that were not known or should have been reasonably known by the grand jury, (3) the Superseding indictment in the present case far exceeds cosmetic changes by adding new acts such as a tax conspiracy count. Defendant further argues that the changes made in the superseding indictment changed the operative date of the conspiracy and added to the alias along with adding entirely new predicate acts, plus a tax conspiracy count.

Defendant argues that the Government is in violation of its own rules, specifically, Attorney Manual Section 9-11.120 states that "the grand jury cannot be used for pre-trial discovery or

8

trial preparation."

However, the Defendant never expounds upon this argument or offers how the Government used the grand jury for this improper purpose. The only fact the Defendant appears to rely on is that the Government called for a new Grand Jury at a late stage of the proceedings. The Defendant cites to *U.S. v. Apperson*, 441 F.3d 1162, 1189 (10th Cir. 2006), for the proposition that if the Government merely makes cosmetic changes to the Superseding Indictment, then it is permissible, but any major substantive changes unduly strengthen the prosecutor's case and is considered an abuse of the grand jury system.

The Tenth Circuit states that "generally prejudice of some kind must be shown to warrant the dismissal of an indictment. *Id.* at 1189-90. The Defendant has not shown how she has been prejudiced by this Superseding Indictment. In addition, in *U.S. v. Philips,* the Fifth Circuit stated that "this court will dismiss the indictment only upon a showing that there was such an abuse of the grand jury process that any substantial rights of the Defendant were impaired or the integrity of the process impugned. 664 F.2d 971, 1044 (5th Cir. 1981). In addition, the attorney manual further states, "after indictment the grand jury may be used if its investigation is related to a superseding indictment of additional defendants or additional crimes by an indicted defendant," which is what happened in this present case

as the Superseding Indictment involves both additional defendants and additional crimes by indicted defendants.

In response to the argument that the Government was being vindictive in seeking the superseding indictment the Defendant cites several cases stating the well known proposition that "it is improper to use the grand jury for the primary purpose of strengthening the Government's case on a pending indictment or as a substitute for discovery, although this may be an incidental benefit. *See e.g. United States v. Beasley*, 550 F.2d 261, 266 (5th Cir. 1977). The Defendant argues that in this case, the Government knew of the three predicate acts and the identity of Defendant Renee Gill Pratt, and her involvement. The Defendant, however, does not present any evidence to support its allegation other than "it is clearly shown in the separate Mose Jefferson Indictment, filed on April 2, 2008" but does not direct this court to any supporting evidence, specifically where in the indictment. Rec. Doc. No. 234, p. 7.

In *Blackledge v. Perry,* 417 U.S. 21 (1974), there is a presumption of vindictiveness when the Government presents a superseding indictment for the purpose of punishing a Defendant for exercising a procedural right. However, the Court was referring to actions taken post-trial. In addition, in *United States v. Goodwin,* 457 U.S. 368 (1982), the Court refused to impose a presumption of vindictiveness when new charges are added

at the pre-trial stage. Moreover, the Fifth Circuit in *U.S. v. Philips,* also found that the Government's decision to charge the Defendant in the Superseding Indictment with two counts not contained in the original indictment was not an act of vindictive prosecution. 664 F.2d 971, 1019 (5th Cir. 1981).

However, the Court, in an abundance of caution, ordered on October, 23, 2009 that the Government produce to the Court for an in camera review (1) a summary of the new evidence the Government obtained since the Original Indictment that lead to the Superseding Indictment, (2) to what extent, if any, the Grand Jury was informed that they were considering a Superseding Indictment and not an Original Indictment. Rec. Doc. No. 251. The Court, after conducting an in camera review of the requested information, found that the Government did not abuse the grand jury and was not being vindictive in seeking the superseding indictment, and the jury was not improperly paneled.[4]

### B. Motion to Sever

Betty Jefferson's Motion to Sever seeks to sever Count 1, Count 28 and 29, and Counts 30 through 34 from the Superseding Indictment. Rec. Doc. No. 207.

### (a) Count I- RICO Claim:

---

[4] The material the Government produced for the in-camera review will be filed separately under seal for later court review.

Betty Jefferson argues that the RICO claim should be severed because the Superseding Indictment alleges an improper enterprise under RICO law and the allegations described in the Superseding Indictment do not involve Betty Jefferson, and that the Superseding Indictment has alleged multiple conspiracies. First, this Court's October 8, 2009 Order (Rec. Doc. No. 238), concludes that the Superseding Indictment alleges all facts necessary to allege an improper enterprise. Rec. Doc. No. 238, pp. 20-22.

Further, the multiple conspiracies argument was also alleged by Mose Jefferson and was exhaustively analyzed in the Court's October 8, 2009 Order (Rec. Doc. No. 238, Pp. 7-23) finding that whether multiple conspiracies were mistakenly alleged is a question of fact for the jury. This Court finds that Defendant, Betty Jefferson's request for severance as to Count I is without merit.

**(b) Counts 28 and 29 False Statements:**

The Defendant seeks to sever Counts 28 and 29 because the jury may not be able to separate the false statements charged against Mose Jefferson from Betty Jefferson, his sister with the last name. Defendant bears a heavy burden to demonstrate that the denial of severance would lead to a "clear substantial prejudice resulting in manifestly unfair trial. *United States v.Urban,* 404 F.3d 754, 775 (3d Cir. 2005). The Defendant has not

12

achieved this burden in her motion to sever Counts 28 and 29. A jury instruction will cure this defect. *See United States v. Krenning,* 93 F.3d 1257, fn 15 (5th Cir. 1996).

**(c) Severance of Counts 30-34 Tax Counts:**

Defendant argues that Counts 30-34 should be severed because they were improperly joined under Rule 8 and that the inclusion of the tax offenses are prejudicial to her under Rule 14. The Count finds, at this time that the tax counts are not properly joined under Rule 8(a).

Defendant Betty Jefferson brings this Motion to Sever wherein she contends that Counts 30 through 34 (collectively, the "Tax Counts") should be severed from the rest of the Counts in the Indictment because the former involve tax charges that are wholly unrelated to the other counts involving RICO Conspiracy, fraud, and money laundering. Defendant argues that joinder of the counts is improper under Rule 8(a) of the Federal Rules of Criminal Procedure or, alternatively, that joinder would result in unfair prejudice such that severance under Rule 14 of the Federal Rules of Criminal Procedure would be appropriate. Rule 8(a) of the Federal Rules of Criminal Procedure provides the

following:

> (a) Joinder of Offenses: The indictment or information may charge a Defendant in separate counts with 2 or more offenses if the offenses charged-whether felonies or misdemeanors or both-are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of the same common scheme or plan.
> Fed.R.Crim.P. 8(a).

Defendant contends that the Tax Counts have no relationship to the remaining counts because the factual circumstances underlying the two sets of counts are essentially unrelated and do not relate to each other. Specifically, Defendant maintains that the Government fails to allege in the tax counts the amount of the unlawful income described in the non-tax counts, which was not reported on Defendant's tax returns, and the corresponding tax loss.  The joinder is also problematic because the fact that Defendant filed a tax return for each of these years is separate and apart from the non-tax charges, does not have to be proven by the Government to sustain its burden under the non-tax charges, and is an extrinsic, extraneous fact that may unduly sway and prejudice the jury against Defendant by alleged tax deficiencies.

The Government, on the other hand, argues that joinder of

14

the tax and non-tax offenses in the Superseding Indictment is proper because the Defendant is charged with intentionally not including in her personal tax returns money corruptly and illegally obtained funds she is alleged to have obtained in the previous pages of the Superseding Indictment. Rec. Doc. No. 107, pp. 61-68.

The Fifth Circuit has recognized that Rule 8(a) is to be construed broadly in favor of initial joinder. *U.S. v. Butler*, 429 F.3d 140, 146 (5th Cir.2005) (citing *United States v. Fortenberry*, 914 F.2d 671, 675 (5th Cir.1990)); see also *U.S. v. Mays*, 466 F.3d 335, 340 (5th Cir.2006)(court held "transactional relationship between charges [was] particularly strong" and joinder was proper where drugs, firearms, and ammunition were found pursuant to the same search warrant). Moreover, "[The Fifth] Circuit has also recognized that the transaction requirement in Rule 8 is flexible, holding that such a transaction 'may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id.* (quoting *United States v. Park*, 531 F.2d 754, 761 (5th Cir.1976)).

On October 8, 2009, the Court denied Mose Jefferson's Motion to Sever the tax counts. Rec. Doc. 238. In the instant matter, The Court finds that the Defendant raises no new issues, law, or

15

argument in her Motion to Sever.  For the same reasons given in the Court's previous order (Rec. Doc. No. 238) Betty Jefferson's Motion to Sever is **DENIED**.  The Court finds that the tax offenses are not so confusing or prejudicial to the other counts of the indictment, and thus a jury should not need to consider them at a separate trial.

### 3. Defendant Renee Gill Pratt

Defendant Renee Gill Pratt is named as a Defendant in only Count 1, the Rico Conspiracy, along with co-Defendants Mose Jefferson, Betty Jefferson, and Angela Coleman.  Renee Gill Pratt has filed a Motion to Sever.  Rec. Doc. Nos. 267, 290.  Renee Gill Pratt contends that Rule 14 of the Federal Rules of Evidence authorizes the district court to sever a Defendant for trial "[i]f it appears that a Defendant... is prejudiced by a joinder of ... Defendants."  In this instant matter, Renee Gill Pratt contends that no limiting instruction will adequately protect her from the spillover effect of the mounts of incriminating testimony to be adduced against her co-Defendants.  The Government asserts that the risk of a spillover effect or prejudicial impact is non-existent in this matter.  The Fifth Circuit summarized its view on prejudice by finding that, "[u]ltimately... the inquiry regarding prejudice is whether the jury can 'keep separate the evidence that is relevant to each

Defendant and render a fair and impartial verdict as to him[.]. *United States v. Diaz-Munoz*, 632 F.2d at 1337.

Defendant Renee Gill Pratt has previously joined Defendant Mose Jefferson's Motion to Sever. She also filed a seven (7) page memorandum in support of Defendant Mose Jefferson's Motion to Sever, which this Court considered in denying the Motion. See Rec. Doc. No. 155 and 238. The Court finds that the Defendant raises no new issues, law, or argument in her latest Motion to Sever. For the same reasons given in the Court's previous order (Rec. Doc. No. 238) Renee Gill Pratt's Motion to Sever is **DENIED**.

New Orleans, Louisiana, this 4th day of January, 2010.

UNITED STATES DISTRICT JUDGE