UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 08-140

RENEE GILL PRATT                            SECTION "B"(1)

ORDER AND REASONS

Before the Court is Defendant's Motion *in Limine* to Correct
Jury Instructions and Add Interrogatories (Rec. Doc. No. 656), the
Government's Objection (Rec. Doc. No. 659), and Defendant's Reply
(Rec. Doc. No. 661).  For the following reasons,

**IT IS ORDERED** that Defendant's motion is **DENIED,** without
prejudice to reurge.

Defendant asserts that the Court erred in its charges to the
jury by failing to instruct the jury that it must find an agreement
to commit those acts of mail fraud contained in Counts 2-3 of the
Third Superseding Indictment prior to finding the defendant guilty
of conspiring to violate 18 U.S.C. § 1862(d).  Defendant urges that
a RICO conspiracy requires an agreement to commit two specific
predicate acts, and that here, the Government only alleges two
predicate acts that form the basis of the alleged conspiracy, i.e.
those acts of mail fraud contained in Counts 2-3 of the Third
Superseding Indictment.  Accordingly, Defendant argues that the
Court must charge the jury that it can only convict the defendant

if it finds unanimously that the defendant agreed to the commission of those two, and only those two, predicate acts. Defendant further contends that the Court erred in not issuing a special verdict form requiring the jury to identify the two predicate acts it unanimously found the alleged RICO enterprise to have been designed to commit.

This Court previously ruled on a similar motion *in limine* filed by Defendant seeking to include the factual allegations of Counts 2-3 in the indictment and to charge the jury accordingly. *See* Rec. Doc. No. 597. The Court dismissed the motion, stating:

> Contrary to Defendant's assertions, the RICO count sufficiently describes and refers to the foundational support for a § 1962(d) conspiracy. The government must prove beyond a reasonable doubt that two or more persons agreed to commit a substantive RICO offense and that the accused knew of and agreed to the overall objective of the RICO offense. *Salinas v. United States*, 522 U.S. 52, 61-66 (1997); *United States v. Delgado*, 401 F.3d 290, 296 (5th Cir. 2005). The accused conspirator need not have committed or agreed to commit the two predicate acts. *Salinas* and *Delgado, supra*.

Rec. Doc. No. 597, at 1-2. A consideration of jurisprudence from other circuits dictates the same result. In *Smith v. Berg*, 247 F.3d 532 (3d Cir. 2001), the United States Third Circuit Court of Appeals reiterated the Supreme Court's findings in *Salinas*, stating that "a RICO conspiracy defendant need not himself commit or agree to commit predicate acts...for purposes of conspiracy it 'suffices that [defendant] adopt the goal of furthering or facilitating the criminal endeavor.'" *Smith*, 247 F.3d at 537 (citing *Salinas*, 522

2

U.S. at 65).   Moreover, in *United States v. Glecier*, 923 F.2d 496
(7th Cir. 1991), the defendant challenged, *inter alia*, the district
court's finding that the specific predicate acts to which a RICO
conspiracy defendant is alleged to have agreed did not constitute
elements of the offense and need not be set forth in a RICO
conspiracy indictment.   *Glecier*, 923 F.2d at 499.   The United
States Seventh Circuit Court of Appeals agreed, stating "[n]either
overt acts, nor specific predicate acts that the defendant agreed
personally to commit, need be alleged or proved for a section
1962(d) offense."   *Id.* at 500 (citing *United States v. Torres
Lopez*, 851 F.2d 520, 525 (1st Cir. 1988); *United States v.
Neapolitan*, 791 F.2d 489, 495-498 (7th Cir. 1986)).

As the Government is not required to prove that the defendant
agreed to commit the specific predicate acts, but only that the
defendant knew of and agreed to the overall objective of the RICO
offense, the Court need not instruct the jury that a determination
of guilt requires a unanimous decision that the defendant agreed to
commit those acts of mail fraud contained in Counts 2-3 of the
Third Superseding Indictment nor issue to the jury special
interrogatories regarding the specific predicate acts on which it
found the alleged RICO enterprise to have been designed to commit.

Furthermore, the Court recognizes defense counsel's request
for certification of this ruling (*see* Rec. Doc. No. 656-1, at n.3);
however, we do not find any basis to certify this issue at this

time.   Although we currently hold that there is no need to grant Defendant's request to change the jury instructions and add special jury interrogatories, we find the issue premature for certification, as a new basis for reconsideration of this ruling may arise at Defendant's retrial.   *See Robinson v. Parrish*, 720 F.2d 1548 (11th Cir. 1983).

New Orleans, Louisiana, this 13th day of April, 2011.


UNITED STATES DISTRICT JUDGE