UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                               **CRIMINAL ACTION**

**VERSUS**                                                 **NO. 08-140**

**RENEE GILL PRATT**                                       **SECTION "B"(1)**

ORDER AND REASONS

Before the Court is Defendant Renee Gill Pratt's Motion to Continue Re-Trial (Rec. Doc. No. 654), the Government's Opposition (Rec. Doc. No. 658), and Defendant's Reply (Rec. Doc. No. 660). For the following reasons,

**IT IS ORDERED** that the motion is **DENIED.**

Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(e), "[i]f the defendant is to be tried again following a declaration by the trial judge of a mistrial...the trial shall commence within seventy days from the date the action occasioning the retrial becomes final." On March 29, 2011, this Court denied Defendant's Motion for Acquittal. Rec. Doc. No. 651. Therefore, under 18 U.S.C. § 3161(e), re-trial of this case is required to commence within 70 days from that date, which is no later than June 7, 2011.

However, during the Court's teleconference with the parties on March 31, 2011, the Court determined that the ends of justice served by setting the trial date for July 11, 2011 outweighed both the best interest of the public and the defendant in a speedy

trial. The Speedy Trial Act provides the factors for a district court to consider in making such determination; namely:

> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). In accordance with the United States Fifth Circuit Court of Appeals' recent decision in *United States v. Burrell*, 634 F.3d 284 (5th Cir. 2011), this Court recognized the following relevant factors in its decision to set the retrial of



this case for July 11, 2011.  A main consideration by the Court here was the continuity of defense counsel due to several personal and professional pre-commitments.  The Court took into account the dates provided by defense counsel for previously planned vacations as well as his professional obligations in two civil matters.  Noting that this complex, criminal case takes precedence over those civil matters and based on the parties' estimation that the retrial would last about 14 days, the Court set a trial date that would allow nearly three full weeks of trial before defense counsel's July 29 vacation trip.  The Court additionally considered defense counsel's stated intent to depose co-defendant Mose Jefferson and the availability of both Jefferson and his attorney in setting the date for retrial beyond the date mandated by the Speedy Trial Act, as Jefferson is currently incarcerated, terminally ill, and undergoing chemotherapy at the Federal Bureau of Prison's hospital facility in Butner, North Carolina.  The Court also reasoned that the ends of justice would be further served by postponement of the retrial date due to the complexity of the issues involved in this criminal RICO conspiracy.

 However, after a similar analysis under the Speedy Trial Act, the Court finds that the defendant has provided no persuasive reason to continue the date for retrial of this case beyond the currently set date of July 11, 2011.  As set forth above, in considering defense counsel's prior personal and professional

commitments, this Court determined that a July 11, 2011 trial date would allow trial to proceed with defense counsel present, and therefore such date would not make proceeding with the matter impossible nor result in a miscarriage of justice.  As the Court determined that the July 11, 2011 trial date would allow for defense counsel to represent the defendant in her retrial and maintain his pre-planned travel arrangement and further that the date provides adequate time for defense counsel to address his noted pretrial preparation issues, the remainder of Defendant's reasons in support of her motion to continue are irrelevant and insufficient to justify continuing the retrial beyond its current date of July 11, 2011.

　　　　Accordingly, Defendant's Motion to Continue (Rec. Doc. No. 654) is **DENIED.**

　　　　New Orleans, Louisiana, this 13th day of April, 2011.

　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE